LEMMON, Justice,
concurring.
Relator was held in contempt for failing to appear personally in court in response to a subpoena duces tecum. Although he did not personally appear, relator substantially complied with La.R.S. 13:3715.1, the apparent purpose of which is to achieve production of accurate and complete hospital records without the necessity of a court appearance by the custodian of the records. The statute which dispenses with the necessity of a personal appearance in response to a subpoena duces tecum overrides the literal wording of the printed form of the subpoena duces tecum mandating personal appearance.[1]
In any event relator could reasonably have believed under the circumstances that his personal appearance was not required. Therefore, there was no proof of a contumacious (stubbornly disobedient) failure to comply with a subpoena sufficient to support a judgment of contempt under La.C. C.P. art. 222(5).

. If personal appearance by the custodian is necessary, the custodian should be formally notified or perhaps separately subpoenaed.